**In re The ANDY GIBB ORGANIZA-TION, INC., Debtor.**

**Bankruptcy No. 87-03783-BKC-AJC.**

United States Bankruptcy Court, S.D. Florida.

Dec. 4, 1987.

John W. Kozyak, Kozyak Tropin & Throckmorton, P.A., Miami, Fla., for debtor.

A. JAY CRISTOL, Bankruptcy Judge.

### ORDER DENYING MOTION TO APPROVE EMPLOYMENT OF ATTORNEYS

This matter came on to be heard ex parte, upon the motion of the debtor, The Andy Gibb Organization, Inc., for this court to approve employment of attorneys. The debtor filed its petition under chapter 7 on October 20, 1987. Chapter 7 governs liquidation proceedings. No provision exists in chapter 7 requiring a debtor to obtain court approval to employ an attorney.

Unlike chapter 7, chapter 11 of the Bankruptcy Code requires *the trustee* to obtain the court's approval before employing professional persons, such as attorneys. 11 U.S.C. § 327(a). This requirement also applies to debtors-in-possession in chapter 11 pursuant to 11 U.S.C. § 1107. See the Legislative History, 11 U.S.C. § 1107. See also B.R. 2014.

11 U.S.C. §§ 327, 328, 330 and 331 are only applicable to professionals employed by a trustee, an examiner or a debtor-in-possession. Only 11 U.S.C. § 329 governs a debtor's transactions with attorneys and it does not require court approval for engagement. This is a chapter 7 proceeding.

Accordingly, it is ORDERED that the motion to approve employment of attorneys filed by the debtor herein is denied without prejudice to the debtor dealing with attorneys, pursuant to 11 U.S.C. § 329.